## Case No. 2,735.
### In re CITIZENS' SAV. BANK.
#### [9 N. B. R. 152.] [1]
Circuit Court, D. South Carolina. Dec., 1873.

BANKRUPTCY—RESTRAINING PROCEEDING IN STATE COURT.

A depositor in savings bank filed a bill to have the bank wound up under the state laws. The bank was soon after adjudicated bankrupt. *Held*, the bankrupt court had jurisdiction to restrain the prosecution of the depositor's bill in the state court, though commenced prior to the filing of the petition in bankruptcy.

Watson, treasurer of York county, filed a complaint in the state court of South Carolina, alleging that the Citizens' Savings Bank was insolvent and had refused to pay its checks, and prayed that the bank should be compelled to render an account of its funds and be restrained from the exercise of its corporate rights, and that a receiver be appointed to administer its assets for the benefit of its creditors. An order was issued to show cause why the injunction should not issue and a receiver be appointed as prayed for. While these proceedings were pending in the state court, the Citizens' Savings Bank filed a petition in bankruptcy [November 29, 1873]. Bryan, J., issued an order compelling the surrender of all the property and assets of the bank to E. M. Seabrook, register in bankruptcy, to keep until the appointment of

[1] [Reprinted by permission.]

an assignee [December 1, 1873]. A return to the order of the state court denying the jurisdiction of the state court, and averring that the bank had been adjudged a bankrupt in the United States district court was then filed. Upon hearing this return the judge decided that its jurisdiction was not ousted by the decree of bankruptcy. The injunction was made permanent. The bank then filed a petition in the United States district court, asking an injunction against Watson and all other persons, restraining them from prosecuting any action in the state court. [Case not reported.] This injunction was granted upon an ex parte hearing [December 10, 1873]. The plaintiffs thereupon filed their petition in the United States circuit court, claiming that the jurisdiction in the case properly belonged to the state circuit court, and asking the court to review the decision made by the United States district judge, and to set aside the order made by him.

Mr. Trescot, for petitioners, contended that the bankrupt court had no authority to issue an injunction, except up to the time of the adjudication in bankruptcy; that suit having been commenced in the state court previous to the commencement of the proceedings in bankruptcy, under the amendment of 1873 [17 Stat. 436] of the bankrupt law, the case should remain in the state court.

C. D. Melton, on the same side, contended that while the United States courts had frequently enjoined proceedings in the state court, yet in all these cases the injunctions had been issued to restrain creditors from establishing separate liens or judgments, exclusive of and without regard to the rights of the other creditors. In this case, however, the creditor had no such object or view. He only desired under the state laws to procure an equitable administration of the assets of the insolvent debtor.

James H. Rion, for defendants, claimed the suit in the state court was actually a proceeding in involuntary bankruptcy, and the administration of bankruptcy property belongs to the United States court. In this case no receiver had been appointed by the state court yet, and the United States district court could, therefore, with perfect propriety, assert its jurisdiction, without being reduced to the necessity of dispossessing a receiver appointed by another court. The object and intent of the bankrupt law was to place the administration of the assets of a bankrupt's estate within the control of the bankrupt court, and the passage of the law superseded or suspended all state insolvent laws. The action of the state court must yield to the paramount authority of the United States court. It was clearly laid down in all the authorities that the United States court had full power to suspend or control all proceedings in a state court against a bankrupt or his estate. This suspension or

control could properly be effected by an injunction, as had been done in this case.

A. G. Magrath, in reply, urged that the order of Judge Bryan was in direct violation of the order of the state court, and was granted without notice to the petitioners, who had instituted the proceeding in the state court. If the circuit court of the state had jurisdiction in this case in limine, the jurisdiction continued to the end of the suit.

BOND, Circuit Judge. The order granted by the district judge must be affirmed, but I have not time to write out any opinion in the matter.

[NOTE. For the opinion subsequently delivered by Bond, Circuit Judge. see Watson v. Citizens' Savings Bank, Case No. 17,279.]